# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA K. PULL,<br><br>         Plaintiff,<br><br>    v.<br><br>INTERNAL REVENUE SERVICE, et al.,<br><br>         Defendants. | Case No.  1:14-cv-02020-LJO-SAB<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND |

On December 19, 2014, Plaintiff Theresa K. Pull filed the complaint in this action. For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state any cognizable claims and the Court dismisses the complaint with leave to amend.

**I.**

**SCREENING**

District courts may dismiss a claim sua sponte under Federal Rule of Civil Procedure 12(b)(6) if the Court gives notice of its intention to dismiss and afford plaintiffs an opportunity to at least submit a written memorandum in opposition to such motion. Lee v. City of Los Angeles, 250 F.3d 668, 683 n.7 (9th Cir. 2001) (quoting Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987); Wong v. Bell, 642 F.2d 359, 362 (9th Cir. 1981)). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require

'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.

## BACKGROUND

Plaintiff's complaint is unclear, but it appears that Plaintiff alleges that in May 2007, she was awarded retroactive Industrial Disability Retirement benefits from the California Public Employees' Retirement System ("CalPERS"). Plaintiff further alleges that amended tax returns were submitted related to the retroactive benefits, but Plaintiff was not paid $4,790.55 in tax refunds allegedly owed from her 2003 taxes. It is unclear why Plaintiff was owed additional $4,790.55 in income tax refunds as a result of a retroactive benefit paid in May 2007. Plaintiff alleges that she received a notice in May 2008 that indicated that her request for the refund was denied because it was made beyond the statute of limitations.

In September 2012, Plaintiff filed a claim with the IRS, contending that the retroactive retirement benefits were paid after the statute of limitations had expired and that Plaintiff delayed addressing the issue because of her disabilities. In December 2012, the IRS again denied Plaintiff's claim. Plaintiff alleges that she did not receive this notice until after she returned from a three month trip abroad and did not respond to it until May 28, 2013. Additional correspondences were exchanged between Plaintiff and the IRS, and Plaintiff's claim was denied on July 22, 2014 because it was not filed on time and Plaintiff had not demonstrated that she met

the criteria for establishing a financial disability.

Plaintiff contends that she meets the requirements for a financial disability which has the effect of extending the time which Plaintiff may claim a refund relating to her 2003 taxes. Specifically, Plaintiff alleges that documentation from a licensed clinical psychologist was erroneously rejected by the IRS because it was not recognized as documentation from a "physician." Plaintiff further alleges that the documentation she submitted establishes that Plaintiff, and not her spouse, was in charge of all financial matters within her household during her period of financial disability.

## III.

## DISCUSSION

### A.     Failure to State a Claim

As an initial matter, the Court notes that Plaintiff's complaint lacks any allegations regarding the grounds for the court's jurisdiction, as required by Federal Rule of Civil Procedure 8(a)(1). Although Plaintiff's allegations are unclear, jurisdiction in this matter appears to be provided under 28 U.S.C. § 1346(a)(1), which states that district courts have original jurisdiction over claims for the recovery of internal-revenue tax alleged to have been erroneously or illegally assessed or collected.

Plaintiff's complaint fails to state any cognizable claims for erroneously assessed taxes. Plaintiff's complaint is vague and unclear as to any tax paid by Plaintiff and how those taxes were erroneously assessed. Plaintiff merely states, in conclusory fashion, that she is owed a return. There are insufficient factual allegations supporting that conclusion explaining how or why she is owed a return. Plaintiff only vaguely alleges that she received retroactive CalPERS benefits. It is unclear how those retroactive benefits caused the IRS to owe Plaintiff a return.

Moreover, in order to bring a claim for a refund in district court, Plaintiff must have filed a valid claim with the IRS. See King v. U.S., 949 F. Supp. 787, 789 (E.D. Wash. 1996). Plaintiff's complaint does not allege sufficient facts to support the conclusion that Plaintiff filed a valid claim.

/ / /

1    Plaintiff alleges that she filed a claim for a refund in or around September 2012
2 pertaining to taxes owed from the 2003 tax year.  Plaintiff further alleges that the IRS denied the
3 claim because it was filed more than three years after Plaintiff filed her tax return.  See 26 U.S.C.
4 § 6511(a) (establishing three year period of limitations on claims for tax refund).  Plaintiff
5 appears to allege that the three year limitations period was extended by operation of 26 U.S.C. §
6 6511(h), which suspends the running of the limitations periods "during any period of such
7 individual's life that such individual is financially disabled."
8    Section 6511 defines financial disability as:

> **(2) Financially disabled.—**
> **A. In general.**—For purposes of paragraph (1), an individual is financially disabled if such individual is unable to manage his financial affairs by reason of a medically determinable physical or mental impairment of the individual which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.  An individual shall not be considered to have such an impairment unless proof of the existence thereof is furnished in such form and manner as the Secretary may require.

15 26 U.S.C. § 6511(h)(2).  Relevant to this action, Section 6511 further states that:

> **(B) Exception where individual has guardian, etc.**—An individual shall not be treated as financially disabled during any period that such individual's spouse or any other person is authorized to act on behalf of such individual in financial matters.

19 26 U.S.C. § 6511(h)(2)(B).
20    Plaintiff alleges that she was married, but attempts to sidestep the operation of Section
21 6511(h)(2)(B) by claiming that she was "solely responsible for handling the financial affairs of
22 the household including the preparation of tax forms and related financial information during the
23 time period requested by the Internal Revenue Service, between April 15, 2004 and April 15,
24 2007." (Compl., at pg. 4:12-17.)
25    If Plaintiff's allegations are to be believed, Plaintiff suffers from a "financial disability"
26 which renders her "unable to manage [her] financial affairs by reason of a medically
27 determinable physical or mental impairment" and yet Plaintiff was solely responsible for
28 handling the financial affairs of her household, going as far as filing joint tax returns (Compl., at

pg. 4:25-27) and prosecuting this action, in propria persona, regarding her tax return in 2003. Plaintiff's allegation that she is unable to manage her financial affairs is inconsistent with her allegation that she was actually managing her household's financial affairs.

Not only does Plaintiff allege that she was managing her household's financial affairs, Plaintiff goes as far as alleging that her spouse, who was not "financially disabled,"[1] lacked all authority to manage the household's financial affairs. Notably, "it is a person's authority to manage a taxpayer's financial matters, and not the exercise of that authority, that is relevant to determining whether a taxpayer may claim financial disability...." Plati v. U.S., 99 Fed. Cl. 634, 639 (2011). Thus, in order to establish financial disability, Plaintiff cannot merely show that Plaintiff's spouse did not exercise authority to handle the household's financial affairs; Plaintiff must show that Plaintiff's possessed zero authority to handle the household's financial affairs. Based upon the facts alleged, in is implausible that Plaintiff's husband was stripped of all authority to manage the household's financial affairs and that same authority was given to Plaintiff, who allegedly was incapable of managing the financial affairs.

Moreover, Plaintiff's complaint fails to state a claim because the facts alleged do not support the conclusion that Plaintiff met the IRS's requirements for financial disability. Under Section 6511, Plaintiff is not considered to have a financial disability "unless proof of the existence thereof is furnished in such form and manner as the Secretary may require." 26 U.S.C. § 6511(h)(2)(B). Although the allegations in Plaintiff's complaint focus on whether from a psychologist satisfies the IRS's requirement that documentation be submitted from a "physician," Plaintiff's complaint ignores the more fundamental basis upon which the IRS rejected Plaintiff's claim.

The IRS requires a taxpayer to submit documentation from a physician which specifically identifies the time period during which Plaintiff was prevented from managing her own financial affairs. In the IRS's March 27, 2014 denial letter to Plaintiff, attached as an exhibit to the complaint, the IRS informed Plaintiff that her claim of financial disability was denied because

---

[1] The Court notes that the complaint suggests that Plaintiff's spouse does not suffer from a financial disability, as Plaintiff argues in her complaint that both spouses do not have to be disabled for one spouse to claim financial disability. (See Compl., at pg. 5:1-11.)

the documentation submitted by Plaintiff, at most, established financial disability from 2008 onwards.  The limitations period for claiming a refund expired on April 15, 2007 and Plaintiff submitted no documentation establishing financial disability for the period preceding 2008.  In Plaintiff's July 23, 2014 response letter, also attached as an exhibit to the complaint, Plaintiff admitted to difficulties obtaining documentation for the period preceding 2008.

Accordingly, Plaintiff's complaint demonstrates that Plaintiff did not submit a valid claim for a refund with the IRS.  Plaintiff failed to comply with Section 6511(h)(2)(B)'s requirement that proof of Plaintiff's financial disability be furnished in such form and manner as the IRS requires.  The limitations period for filing a valid claim expired in 2007 and Plaintiff failed to submit proof of financial disability for any period prior to 2008.  Therefore, Plaintiff's claim for a refund fails.

### B.    Leave to Amend

"Generally, Rule 15 advises the court that 'leave [to amend the complaint] shall be freely given when justice so requires.'  This policy is 'to be applied with extreme liberality.'" Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)).  The factors the Court should consider in deciding whether to grant leave to amend include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment.  Id. at 1052.  The Court will grant Plaintiff an opportunity to amend to address the deficiencies identified in this order.

However, the Court advises Plaintiff that Federal Rule of Civil Procedure 11 authorizes the Court to sanction persons who make factual misrepresentations to the Court.  Rule 11 states, in pertinent part:

> **(b) Representations to the Court.**  By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> ...

> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery...
> ...
> (c) Sanctions.
> **(1) *In General.*** If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation....

The Court warns Plaintiff regarding the possibility of Rule 11 sanctions because the allegations in Plaintiff's complaint suggest that Plaintiff is being less than forthcoming regarding her "financial disability." The fact that Plaintiff, and not her husband, is in charge of the financial affairs for her household is wholly inconsistent with Plaintiff's claim that she is unable to manage her financial affairs. The fact that Plaintiff is prosecuting this action in propria persona is also inconsistent with Plaintiff's claim that she suffers from a disability rendering her unable to manage her financial affairs. The Court acknowledges Plaintiff's attempt to explain the apparent inconsistency between her ability to prosecute her claims against the IRS and her claim of financial disability in her July 23, 2014 letter to the IRS, attached as an exhibit to her complaint.[2] The Court finds the excuses expressed therein unpersuasive.

Accordingly, Plaintiff is forewarned that if she chooses to file an amended complaint and the amended complaint continues to allege facts which are unbelievable, the Court may order Plaintiff to show cause why she should not be sanctioned for violating Rule 11.

## IV.

## CONCLUSION AND ORDER

Based upon the foregoing, the Court finds that Plaintiff's complaint fails to state any cognizable claims.

/ / /

/ / /

---

[2] The Court may consider "material which is properly submitted as part of the complaint on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment." Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). Accordingly, the Court considers the exhibits attached to Plaintiff's complaint in determining whether it states any cognizable claims.

1     Accordingly, it is HEREBY ORDERED that Plaintiff's complaint is DISMISSED, with
2  leave to amend.  Plaintiff's amended complaint, if any, shall be filed within thirty (30) days of
3  the date of service of this order.  If no amended complaint is filed within thirty (30) days, this
4  action will be closed.

IT IS SO ORDERED.

Dated:   **January 5, 2015**                              _____
                                                                                        UNITED STATES MAGISTRATE JUDGE