# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA K. PULL,<br><br>    Plaintiff,<br><br>    v.<br><br>INTERNAL REVENUE SERVICE, et al.,<br><br>    Defendants. | Case No. 1:14-cv-02020-LJO-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S COMPLAINT BE DISMISSED, WITHOUT LEAVE TO AMEND<br><br>OBJECTIONS DUE WITHIN THIRTY (30) DAYS |

On January 7, 2015, the Court issued an order screening Plaintiff Theresa K. Pull's ("Plaintiff") and dismissing it, with leave to amend. (ECF No. 2.) On March 19, 2015, Plaintiff filed an "Opposition of Court's Intention to Dismiss and Amendment to Complaint." (ECF No. 5.)

For the reasons set forth below, the Court construes Plaintiff's March 19, 2015 filing as an amendment to her complaint and recommends that Plaintiff's complaint be dismissed without leave to amend.

**I.**

**BACKGROUND**

Plaintiff filed the original complaint in this matter on December 19, 2014. (ECF No. 1.) Although unclear, it appeared that Plaintiff's complaint challenged the Internal Revenue Service's decision to deny Plaintiff's claim for an income tax refund from her 2003 taxes.

Plaintiff did not file a claim until 2012, but contended that any untimeliness was excused because of her financial disability. Plaintiff disputes the IRS's finding that Plaintiff's claim was untimely and that Plaintiff did not qualify as having a financial disability.

The Court found that Plaintiff's original complaint failed to state any cognizable claims. The Court identified several deficiencies regarding Plaintiff's complaint. The Court found that Plaintiff failed to allege facts which plausibly supported the conclusion that Plaintiff filed a valid, timely claim with the IRS.

First, the Court found Plaintiff's allegations regarding financial disability to be unbelievable because Plaintiff was married and did not allege that Plaintiff's spouse was financially disabled. Plaintiff's allegations that Plaintiff was both financially disabled and that Plaintiff was solely responsible for handling the financial affairs of the household were implausible because the fact that she was allegedly appointed as the person responsible for financial affairs in the household, as opposed to her spouse, showed that she was not financially disabled.

Second, the Court found that the allegations did not plausibly support the conclusion that Plaintiff's spouse lacked all authority to manage the household's financial affairs. The Court noted that Plaintiff had merely alleged that Plaintiff's spouse was not actively managing the household's financial affairs. The Court noted the legal distinction between not managing finances and not having authority to manage finances.

Third, the Court found that Plaintiff's complaint did not plausibly support the conclusion that Plaintiff provided the IRS with sufficient proof of the existence of a financial disability under 26 U.S.C. § 6511. The Court noted that Plaintiff acknowledged the absence of evidence of disability for the period preceding 2008.

The Court granted Plaintiff leave to file an amended complaint addressing the deficiencies identified above. Instead of filing an amended complaint, Plaintiff filed what appears to be a brief in opposition to dismissal, which the Court considers below.

/ / /

/ / /

## II.

## LEGAL STANDARDS

District courts may dismiss a claim sua sponte under Federal Rule of Civil Procedure 12(b)(6) if the Court gives notice of its intention to dismiss and afford plaintiffs an opportunity to at least submit a written memorandum in opposition to such motion. Lee v. City of Los Angeles, 250 F.3d 668, 683 n.7 (9th Cir. 2001) (quoting Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987); Wong v. Bell, 642 F.2d 359, 362 (9th Cir. 1981)). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## III.

## DISCUSSION

### A.   Plaintiff's Claims

The Court notes that Plaintiff was ordered to file an amended complaint addressing the deficiencies identified in the Court's prior order. Instead of filing an amended complaint, Plaintiff filed a brief arguing why Plaintiff's claims are viable. Since pro se litigants are entitled to certain liberalities in the manner in which the Court construes their filings, the Court will consider Plaintiff's brief as setting forth the new and different allegations Plaintiff would have

3

included in a properly drafted and filed amended complaint. However, for the reasons set forth below, the Court finds that Plaintiff's arguments and allegations do not cure the deficiencies found by the Court in its prior order and will therefore recommend that this action be dismissed.

"In order for a district court to have subject matter jurisdiction over a tax refund suit, the plaintiff must meet five conditions imposed by 28 U.S.C. § 1346(a)(1), I.R.C. § 7422(a), and judicial precedent: 1) full payment of the tax; 2) a valid credit claim filed with the IRS; 3) action on the claim by the IRS; 4) the suit for refund must be brought within two years of the IRS' denial; and 5) the suit for refund must have the same basis as the claim originally filed with the IRS." King v. U.S., 949 F. Supp. 787, 789 (E.D. Wash. 1996). "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected ... until a claim for refund or credit has been **duly filed** with the Secretary, **according to the provisions of law in that regard**, and the regulations of the Secretary established in pursuance thereof." 26 U.S.C. § 7422(a) (emphasis added).

The Court found that Plaintiff failed to state a cognizable claim because she had not alleged facts which plausibly support the conclusion that she filed a duly filed, **valid** claim for a refund with the IRS. The complaint appeared to allege that Plaintiff's claim for refund was **invalid** because it was untimely. The additional facts and arguments presented in Plaintiff's March 19, 2015 brief only reinforce the Court's interpretation of Plaintiff's complaint.

Plaintiff claims that her claim with the IRS was timely because the limitations period should have tolled because she is "financially disabled" within the meaning of the Internal Revenue Code. Under 26 U.S.C. § 6511(h), the limitations period for filing a claim for a credit or refund with the IRS is "suspended during any period of such individual's life that such individual is financially disabled."

However, the Court originally noted that, in order to suspend the limitations period for filing a timely claim with the IRS on the basis of a financial disability, Plaintiff must herself be financially disabled **and** must not have a spouse or other person who was authorized to act on her behalf in financial matters. Section 6511 defines financial disability as:

/ / /

> **(2) Financially disabled.—**
> **A. In general.**—For purposes of paragraph (1), an individual is financially disabled if such individual is unable to manage his financial affairs by reason of a medically determinable physical or mental impairment of the individual which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. An individual shall not be considered to have such an impairment unless proof of the existence thereof is furnished in such form and manner as the Secretary may require.

26 U.S.C. § 6511(h)(2). Subsection 6511(h)(2)(B) provides the exception to financial disability where the individual has a spouse or other person who is authorized to act on the individual's behalf:

> **B. Exception where individual has guardian, etc.**—An individual shall not be treated as financially disabled during any period that such individual's spouse or any other person is authorized to act on behalf of such individual in financial matters.

26 U.S.C. § 6511(h)(2)(B).

The Court found Plaintiff's allegations regarding financial disability to be disingenuous and implausible because Plaintiff alleged that she was unable to manage her own financial affairs by reason of a disability, yet at the same time, Plaintiff was actually managing her own financial affairs instead of her husband. To put it plainly, it appeared that Plaintiff was deceitfully mischaracterizing how her household's finances were managed in an attempt to qualify for tolling under Section 6511. If Plaintiff was unable to manage her own financial affairs, one would presume that she would have delegated such duties to her non-financially disabled husband. If Plaintiff and her husband made the voluntary decision to have Plaintiff manage their household's financial affairs, one would presume that Plaintiff was competent to do so and, therefore, not financially disabled. Plaintiff would have the Court believe that Plaintiff and her husband chose to have Plaintiff manage the household's finances even though she was incapable of doing so. The Court finds this to be implausible.

Moreover, even if Plaintiff's implausible allegations were true, Plaintiff would still not qualify for tolling. Plaintiff is under the mistaken belief that a husband and wife can manipulate the system to give themselves an infinite amount of time to file a claim for a tax refund if one

5

spouse is "financially disabled" and the other spouse is perfectly competent and the couple voluntarily designates the "financially disabled" spouse to handle the household's finances. Section 6511(h)(2)(B) was enacted precisely to avoid such manipulation of the rules.

In its prior order, the Court noted that "it is a person's authority to manage a taxpayer's financial matters, and not the exercise of that authority, that is relevant to determining whether a taxpayer may claim financial disability...." Plati v. U.S., 99 Fed. Cl. 634, 639 (2011). In Plaintiff's brief, Plaintiff states that she "cannot make sense out of what is being said" by this proposition. The meaning is quite simple. Plati states that the tolling provisions of Section 6511(h) cannot be manipulated in the manner attempted by Plaintiff by a couple consisting of one financially disabled spouse and another non-disabled spouse. Plati recognizes the difference between not **possessing** authority and not **exercising** authority. To illustrate, a husband and wife may both **possess** authority to manage the household's finances even though the couple designates the wife to **exercise** that authority. Even if the husband is not actively managing the finances at any given time, he still **possesses** the authority to do so. The decision not to exercise authority does not equate to lack of authority.

If Plaintiff's spouse **could have** managed the household finances, Plaintiff is not considered financially disabled. If Plaintiff's husband had authority to manage the finances, Plaintiff does not receive the benefit of tolling simply because Plaintiff's husband decided not to exercise that authority. The text of the statute quite clearly supports this interpretation: Section 6511(h)(2)(B) states that tolling does not occur if "such individual's spouse or any other person is authorized to act on behalf of such individual in financial matters." The controlling question is whether someone else "**is** authorized," not whether someone else "**exercised authority**."

The facts and arguments presented in Plaintiff's complaint and the more recent brief filed by Plaintiff clearly demonstrate that Plaintiff's husband possessed the authority to manage the household's finances, but decided to allow Plaintiff to manage the finances in his stead. As an initial matter, Plaintiff admits that she "does not know if her spouse is or is not financially disabled" because her husband has never sought medical treatment for any condition which would have caused financial disability. (Opp'n to Court's Intention to Dismiss and Amendment

to Complaint 7:19-21.)  Plaintiff never made any attempt to argue to the IRS that her spouse was financially disabled.

Furthermore, Plaintiff admits that her spouse possessed authority to act on behalf of their household's financial matters.  Plaintiff admits that "Plaintiff's spouse was not stripped of authority to manage the household financial affairs...." (Opp'n to Court's Intention to Dismiss and Amendment to Complaint 8:15-18.)  Plaintiff goes as far as to admit that her spouse exercised authority to act on behalf of the household's financial matters "[a]t some time between 2005 and 2009..."[1] (Opp'n to Court's Intention to Dismiss and Amendment to Complaint 5:16-18.)

Furthermore, Plaintiff's brief reveals that not only did Plaintiff's husband possess and sometimes exercise authority to manage the household's finances, Plaintiff retained the services of a certified public accountant which would qualify as a third person with authority to act on behalf of Plaintiff in financial matters.  (See Opp'n to Court's Intention to Dismiss and Amendment to Complaint, at pg. 5:24-26 ("When Plaintiff married her spouse, she automatically took on the role of filing tax returns and then, later, preparing the information for filing through [a] Certified Public Accountant's services.").  Plaintiff also admits that her daughters were available "to help with financial matters, such as bill paying and the organization and preparation of information for tax returns." (See Opp'n to Court's Intention to Dismiss and Amendment to Complaint, at pg. 6:1-4.)  Section 6511 does not afford Plaintiff extra time to file her taxes when she is evidently surrounded by competent people with authority to help Plaintiff file her taxes on time.

Plaintiff's attempt to qualify as financially disabled despite the existence of other persons who could have managed her household's financial affairs is strikingly similar to the factual scenario rejected in Plati.  In Plati, the plaintiff's son possessed authority to manage the plaintiff's financial affairs and the court rejected the plaintiff's contention that she was

---

[1] Plaintiff informs that Court that she became "anxious and distressed" over her spouse's handling of the bills because he "paid one bill twice," "did not list some checks in the check register," "did not reference the account numbers on some of the checks" and "did not note payment details on the statements/bills." (Opp'n to Court's Intention to Dismiss and Amendment to Complaint 5:16-22.)  Plaintiff does not identify any actual harm suffered during this time and the Court does not consider these issues as substantial impediments to managing finances.

financially disabled because she stubbornly "insist[ed] on keeping control" and "did not let [him] have control or authority to act for her." Plati, 99 Fed. Cl. at 640 (internal quotations omitted). Similarly, here, Plaintiff's spouse and CPA possessed authority to manage the household's affairs, but for reasons unknown, Plaintiff insisted on keeping control despite her alleged financial disability. Under Section 6511 and Plati, on these facts, Plaintiff does not qualify for tolling based on financial disability.

Finally, the Court notes that, in its prior order, it found that Plaintiff failed to allege facts which plausibly support her claims because she admitted that she lacked evidence to establish financial disability during any period preceding 2008 and the limitations period for claiming a refund expired on April 15, 2007. Section 6511(h)(2)(B) states that Plaintiff is not considered to have a financial disability "unless proof of the existence thereof is furnished in such form and manner as the Secretary may require." Plaintiff goes to great lengths to argue that her clinical psychologist's report should be sufficient evidence to establish Plaintiff's financial disability, but ignores the fact that, even if the clinical psychologist's report was accepted, it only established financial disability from 2008 onwards, which would not make Plaintiff's claim timely. Plaintiff fails to address this point in her brief.

The facts alleged in Plaintiff's complaint show that Plaintiff did not file a valid, timely claim with the IRS concerning the income tax refund she is allegedly owed. Accordingly, Plaintiff fails to state a cognizable claim for a refund. See King v. U.S., 949 F. Supp. 787, 789 (E.D. Wash. 1996).

**B.    Leave to Amend**

"Generally, Rule 15 advises the court that 'leave [to amend the complaint] shall be freely given when justice so requires.' This policy is 'to be applied with extreme liberality.'" Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)). The factors the Court should consider in deciding whether to grant leave to amend include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the

1  amendment, and futility of the amendment. Id. at 1052.

2  The Court finds that any further leave to amend would be futile. The Court previously
3  informed Plaintiff of the deficiencies in her complaint and her amendment filed in response to
4  the Court's order does not cure those deficiencies. The facts and arguments presented in
5  Plaintiff's amendment show that her claim for a tax refund is not cognizable. The Court will
6  recommend that Plaintiff's complaint be dismissed without leave to amend.

**IV.**

**CONCLUSION AND RECOMMENDATION**

Based upon the foregoing, the Court finds that Plaintiff's complaint fails to state any cognizable claims and that the deficiencies in Plaintiff's claims cannot be cured with further leave to amend.

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's complaint be DISMISSED, without leave to amend.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 26, 2015**

UNITED STATES MAGISTRATE JUDGE